FILED
2023 Jan-25 PM 12:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# EASTERN DIVISION

| | |
|---|---|
| **SHAUNTA WILLIAMS, ELLA WYCKOFF, and DAWN GRAY**, | ) ) ) |
| Plaintiffs, | ) ) **CIVIL ACTION NO.** |
| v. | ) **1:22-CV-01072-CLM** ) |
| **TALLADEGA COLLEGE,** | ) ) ) |
| Defendant. | ) |

### JOINT MOTION TO REINSTATE CASE AND APPROVE FLSA SETTLEMENT

COME NOW, the Plaintiffs, Shaunta Williams, Ella Wyckoff and Dawn Gray ("Plaintiffs"), and the Defendant, Talladega College ("Defendant") (hereinafter collectively referred to below as the "Parties"), by and through the undersigned counsel, and jointly request this Court to reinstate this case and approve the settlement of the claims for unpaid wages and overtime asserted by Plaintiffs under the Fair Labor Standards Act (FLSA) in Count I of the Complaint (the "FLSA Claims"). In support of this Motion, the Parties further state as follows:

1. In the Complaint (Doc. 1) filed on August 25, 2022, Plaintiffs asserted claims for sexual harassment, discrimination, and retaliation in violation of Title IX of the 1972 Education Amendments to the Civil Rights Act of 1964 ("Title IX") and claims for unpaid overtime and wages under the Fair Labor Standards Act ("FLSA"),

DOCSBHM\2417477\1

with related Alabama common law claims for breach of contract, *quantum meruit*, and unjust enrichment.

2. In their Complaint, Plaintiffs stated a series of "General Allegations" pertaining to claims under the FLSA (Doc. 1, p. 4-7) in which Plaintiffs alleged that they were non-exempt employees who regularly worked more than forty hours per week but were not paid overtime compensation for those overtime hours. Specifically, Plaintiffs asserted that they did not receive any compensation for time regularly worked through lunch breaks and for time worked during social and other on-campus events that occurred beyond normal work hours in violation of the FLSA. Plaintiffs alleged that the violations were willful and sought backpay, liquidated damages, and attorneys' fees.

3. With its Answer to Plaintiffs' Complaint (Doc. 6), Defendant denied that Plaintiffs worked any hours, including overtime hours, for which they were not properly compensated and specifically asserted that any violation of the FLSA was not willful and was based on a good faith and reasonable belief that no violation of the FLSA was being committed.

4. No formal discovery has been conducted in this action. However, counsel for the Parties have exchanged correspondence and documents supporting their respective claims and defenses for the disputed FLSA Claims. Defendant

maintained its defenses and submitted documentation disputing the Plaintiffs' claims regarding the number of unpaid overtime hours worked.

5. On December 20, 2022, the Parties participated in a mediation conference in an attempt to resolve all claims and disputes asserted against Defendant. Following the mediation, the Parties resolved all claims asserted against Defendant, including the FLSA claims.  The Parties agreed that the terms of resolution would be confidential, except for the terms of settlement of the FLSA Claims, which are subject to the approval of this Court as sought herein.

6. As agreed by the Parties, Defendant will pay to Plaintiff Shaunta Williams the following sums for her FLSA Claims:  $3,187.03 for unpaid wages; $3,187.03 for liquidated damages; and $2,122.56 for attorneys' fees and costs.

7. As agreed by the Parties, Defendant will pay to Plaintiff Dawn Gray the following sums for her FLSA Claims:  $2,966.40 for unpaid wages; $2,966.40 for liquidated damages; and $1,975.62 for attorneys' fees and costs.

8. As agreed by the Parties, Defendant will pay to Plaintiff Ella Wycoff the following sums for her FLSA Claims:  $2,880.00 for unpaid wages; $2,880.00 for liquidated damages; and $1,918.08 for attorneys' fees and costs.

9. The amount of attorneys' fees and costs was determined separately and apart from the value of the alleged unpaid overtime and was based upon a reasonable

approximation of the time spent specifically in furtherance of the FLSA claim (as opposed to the other claims asserted in the case). The fees include time spent by Counsel for Plaintiffs reviewing records and evaluating the efficacy and value of the FLSA Claims, drafting the Complaint and related documents for court filing, exchanging correspondence and documents with defense counsel to further evaluate and negotiate the value of the settlement, and participation in the mediation process and post-mediation settlement documentation. To ensure a resolution, counsel for Plaintiffs compromised the amount of fees and costs to the amounts reflected in the paragraphs above.

10. On January 10, 2023, the Parties filed a Notice of Settlement (Doc. 11) advising the Court that the case had been resolved. The Court then entered an Order of Dismissal (Doc. 12) dismissing the action without prejudice, but retaining jurisdiction to reinstate the case to facilitate the final settlement.

11. Parties may settle an FLSA claim for unpaid wages if there is a bona fide dispute relating to a material issue concerning the claim. To compromise a claim for unpaid wages, the parties must "present to the district court a proposed settlement, [and] the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982).

12. Pursuant to the decision in *Lynn's Food Stores,* the Parties seek judicial review and a determination that their settlement of the FLSA claim is a "fair and reasonable resolution of a bona fide dispute" under the FLSA. As explained by the Eleventh Circuit, in adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation. *Id.*

13. This proposed FLSA settlement arises out of an action that was adversarial in nature in which the Parties were represented by legal counsel. The Parties engaged in settlement discussions based upon their independent calculations and analysis and with the assistance of a qualified mediator. The Parties entered into the settlement agreement with knowledge of the risks inherent in continued litigation of the FLSA Claims. With this motion, Plaintiffs acknowledge that they are satisfied that they will be reasonably compensated for their claims of unpaid overtime wages.

WHEREFORE, the Parties jointly request this Court to determine that the settlement of the FLSA Claims represents a fair and reasonable compromise over a bona fide FLSA wage dispute and to approve the settlement. The Parties will

separately file a Joint Stipulation of Dismissal of all claims in the lawsuit once the terms of their settlement agreement have been satisfied.

Dated: January 25, 2023

| | |
|---|---|
| /s/ *Artur G. Davis* | /s/ *Kyle T. Smith* |
| _____ | _____ |
| Artur G. Davis | Kyle T. Smith |
| HKM Employment Attorneys LLP | Counsel for Defendant |
| 2024 3rd Ave. No. Suite 307 | SIROTE & PERMUTT, P.C. |
| Birmingham, AL 35203 | P.O. BOX 55727 |
| | Birmingham, AL 35255-5727 |

*/s/ Arnold J. Lizana*
_____
Arnold J. Lizana
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361